UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ALVAREZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>M. E. SPEARMAN, Warden,<br><br>　　　　　Respondent. | No. 2:17-cv-0853 JAM AC P<br><br>FINDINGS AND RECOMMENDATIONS |

I.　　Introduction

　　　Petitioner is a state prisoner incarcerated at High Desert State Prison (HDSP) under the authority of the California Department of Corrections and Rehabilitation (CDCR). Petitioner proceeds pro se and in forma pauperis with a petition for writ of habeas corpus under 28 U.S.C. § 2254, in which he challenges CDCR's March 2016 application of an "R" suffix to his classification status. Currently pending is respondent's motion to dismiss this action on the ground that it fails to state a cognizable federal habeas claim. ECF No. 12. Petitioner timely filed an opposition to the motion, ECF No. 15, and respondent filed a reply, ECF No. 16.

　　　This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, this court recommends that respondent's motion to dismiss be granted, and the petition be denied for lack of federal habeas jurisdiction.

II. Background

Petitioner seeks to obtain "an order removing CDCR Classification Committee decision on March 24, 2016 of the 'R' suffix of my custody classification, and an order declaring me actual innocence [sic] of that [2006] arrest." ECF No.1 at 15. Petitioner contends that the disputed designation is not supported by the record, and has resulted in the unfair denial of overnight family visits and an assault by another inmate.

The "R" suffix "identif[ies] inmates who have a history of specific sex offenses as outlined in Penal Code Section 290." Cal. Code Regs. tit. 15, § 3377.1(b). In December 2006, petitioner was arrested for multiple offenses, included attempted rape, but prosecuted and convicted only for possession of a firearm. Nevertheless, his arrest for attempted rape rendered him eligible for the "R" suffix designation. Id. In 2008, during his incarceration at Avenal State Prison on the 2006 firearm conviction, an Institutional Classification Committee (ICC) considered whether to add the "R" suffix to petitioner's classification, but did not finalize a decision because petitioner was paroled.

Petitioner was subsequently returned to custody on a parole violation. On March 23, 2016, petitioner came before the HDSP Facility A Institutional Classification Committee (ICC) for Annual Review. See ECF No. 1 at 23-4 (this "Classification Committee Chrono" is duplicated and more legible at ECF No. 16 at 5-6). The 2016 ICC conducted an "R suffix review" based on petitioner's 2006 arrest and "elect[ed] to affix an R suffix at this time" for the following reasons, ECF No. 16 at 5 (emphasis added):

> **On 12/01/2006, Subject was arrested for PC 261(A)(1) Rape: Victim incapable of consent,** PC 496(A) Receiving known stolen property, PC 12020(A)(l) Manufacture/possession of a dangerous weapon, PC 12021(A)(l) Felon in possession of a firearm, and PC 653K Possess/Sell a switchblade knife. Subject pled guilty to possession of a firearm by a felon and received a 2 year 8 month sentence. **During Subject's Incarceration for that offense (CDCR # F94001), UCC [Unit Classification Committee] dated 07/30/2008 conducted an R suffix review and elected to affix the R suffix. However, CSR [Classification Staff Representative] action dated 09/08/2008 did not approve the R suffix and referred the case to the CDW [Chief Deputy Warden] due to the Information that was provided did not appear to substantiate the application of the R suffix per CCR 3377.l(b). Subject then paroled prior to subsequent action. Therefore,**

> **this committee elects to conduct an R suffix review for the 2006 arrest for PC 261(A)(1) Rape: Victim incapable of consen**t. . . . Based upon all of the evidence, **police indicated that they believed the Subject had drugged the Victim and was in the process of raping her when the police arrived. The DA indicated that there was insufficient evidence to support the charge of rape**. Based on the circumstances of this offence, **committee feels that had the police not interrupted the Subject during this incident, the Subject would have raped the Victim. Therefore, committee elects to affix an R suffix at this time.**

The ICC decision was recorded on March 24, 2016. ECF No. 16 at 6.

In November 2016, on the basis of the parole violation conduct, petitioner was convicted for possession of a firearm by a felon and sentenced to prison for a period of sixteen years.

The merits of petitioner's 2006 and 2016 convictions are not before this court. Rather, petitioner challenges only his "R" suffix designation. Petitioner exhausted his administrative remedies regarding this matter. In denying petitioner's appeal on Third Level Review (TLR), on July 12, 2006, the TLR decision provided in part:

> Upon review of the documentations and arguments submitted by the appellant, the Third Level Review (TLR) has determined that the placement of the "R" suffix to the appellant's custody designation was completed in an appropriate manner. **The CCR [Cal. Code Regs. tit. 15] 3377.1(b)(2) mandates that an institution review arrest reports or detentions for any of the offenses listed in this regulation. In this case, the appellant's arrest clearly falls under these guidelines.** The duly formed classification committee affixed the "R" suffix based upon its authority and judgement [on March 24, 2016] and the Classification Staff Representative (CSR) [after he "audited the appellant's case"] affixed the "R" suffix on May 2, 2016.
>
> [¶] **The TLR notes CCR 337[7].1(b)(5) states in part, "When completing an "R" suffix evaluation, the classification committee shall consider the arrest report(s) and district attorney's comments. However, a classification committee may affix an "R" suffix if the arrest report(s) are available and the district attorney's comments are unavailable. The classification committee shall document in a CDC Form 128-G the attempts/steps taken to obtain the required documentation." Although the TLR recognizes that the appellant was not convicted of the offense dated December 12, 2006, the mentioned CCR indicates that a classification committee may affix the "R" based on an arrest**. . . . The appellant has failed to provide any new or compelling information that would warrant a modification of the decision reached by the CSR.

ECF No. 1 at 28-9 (emphasis added).

3

The Second Level Review (SLR) administrative decision, approved by the TLR decision, provided the following further information:

> ICC conducted the "R" suffix review due to the California Identification and Information (CI&I) report noting that on December 1, 2006, you were arrested by the Downey Police Department for Penal Code (PC) 261(A)(1) Rape: Victim Incapable of consent. . . . [and] that per policy ICC utilized the Probation Officers Report (POR) dated December 12, 2006, which outlined the circumstances of the offense. . . . ICC . . . [also] noted that per policy the Los Angeles County District Attorney's office was contacted for additional information or comment.

ECF No. 1 at 25-6.

On September 16, 2016, petitioner filed a petition for writ of habeas corpus in the Lassen County Superior Court (Case No. CHW-3400).[1] On November 3, 2016, the Superior Court denied the petition on the following grounds, in full:

> Petitioner, an inmate at High Desert State Prison (HDSP), challenges a decision by that institution's Unit Classification Committee on March 24, 2016 affixing an "R" suffix to his custody classification, contending there was no evidence to support the decision. Page 1 of Exhibit 1 of the petition (Classification Committee Chrono) reflects that **on 12/01/2006 the petitioner was arrested for PC 261(a)(1) Rape: Victim Incapable of Consent. Such classification actions are subject to the "some evidence" standard of court review. (<u>In re Wilson</u> (1988) 202 Cal. App. 3d 661, 666-67.) The petition fails to demonstrate that there is no evidence to support the Classification Committee's action and is denied. (<u>Superintendent v. Hill</u> (1985) 472 U.S. 445, 455-56.)**

ECF No. 1 at 36 (emphasis added).

Petitioner next sought habeas relief in the California Court of Appeal, Third Appellate District. See ECF No. 1 at 38-57 (briefing before that court).[2] On January 5, 2017, the California

---

[1] This filing date is reflected on the case docket, available on the Superior Court's "Online Case Search" website. See http://www.lassencourt.ca.gov/online_services/casesearch.shtml This court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned. See Fed. R. Evid. 201; see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) (courts may take judicial notice of agency records that are not subject to reasonable dispute); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980)(court may take judicial notice of its own records and those of other courts).

[2] The parties' briefing before the California Court of Appeal (now presented as exhibits to the petition, see ECF No. 1) includes the evidence referenced in these findings and recommendations.

Court of Appeal summarily denied petitioner's petition for writ of habeas corpus. See ECF No. 1 at 59.

On March 15, 2017, the California Supreme Court summarily denied petitioner's habeas petition filed in that court. Id. at 60.

Petitioner filed the instant federal habeas petition on April 19, 2017.[3] See ECF No. 1 at 15. By order filed June 7, 2017, the undersigned directed respondent to file a response to the petition. See ECF No. 7. The court acknowledged that it "questions whether these matters are cognizable . . . and would be assisted by further briefing." Id. at 1.

### III. The Parties' Arguments

Before this court, petitioner claims that the challenged ICC decision is not supported by the evidence, because petitioner was neither prosecuted nor convicted for rape; the decision "is barred by the doctrine of collateral estoppel or res judicata . . . [because] already decided on 09/08/2008 in [his] favor;" the ICC decision was issued beyond the statute of limitations; the decision violated his rights to due process and equal protection; and the state courts abused their discretion in denying his state habeas petitions. ECF No. 1 at 18-21.

Respondent moves to dismiss the petition on the ground that it fails to state a cognizable federal habeas claim. Respondent contends that petitioner has failed to demonstrate that the challenged classification designation will impact the fact or duration of his confinement, as required to establish this court's federal habeas jurisdiction under Nettles v. Grounds, 830 F.3d 922 (2016) (en banc).

Petitioner responds that his "R" suffix designation is cognizable on federal habeas because it denies him the chance for early release from prison, that is, it "will not allow me to participate in a fire camp program to earn a credits earning of 33% of my time in prison, from an 80% to 33% credit for good behavior,' under Cal. Code Regs. tit. 15, §§ 3375.2(a)(2)(25), and

---

[3] Petitioner's filing dates referenced herein are based on the prison mailbox rule, pursuant to which a document is deemed served or filed on the date a prisoner signs the document (or signs the proof of service, if later) and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by prisoners).

5

1 | 3043.2(b)(5)."[4]  See ECF No. 15 at 2.

Respondent disputes petitioner's argument for the following reasons, ECF No. 16 at 2:

> Prisoners are only eligible for additional fire camp credits while they are assigned to a fire camp. (Cal. Code Regs. tit. 15, § 3044(a)(l).) Prisoners, however, are not entitled to a fire camp assignment. (Id. at § 3040(d).) Thus, removing the "R" suffix will not necessarily ensure that Alvarez will be assigned to, and thus, eligible for the additional fire camp credits. In addition, Alvarez is a Level III, Medium A Custody prisoner. (ECF No. 1 at 23-24). Prisoners with a Level III and Medium A Custody classification must be housed in a prison with a secure perimeter with armed coverage and all assignments must be within the security perimeter. (Cal. Code Regs. tit. 15, §§ 3377(c), 3377.1(a)(4).) Fire camps are Level I facilities, (id. at § 3377(a)), with the prisoner's assignment taking place outside of the facility. Thus, even assuming the "R" suffix was removed, Alvarez remains ineligible for a fire camp assignment with its additional sentence reducing credits.

Thus, asserts respondent, "because of other custodial factors, Alvarez is ineligible for the additional fire camp credits even if the 'R' suffix is removed." ECF No. 16 at 2. Respondent concludes, "[b]ecause Alvarez does not have a right to a fire camp assignment, regardless of his prison classification, it is too speculative to assume that removing the 'R' suffix will necessarily result in the additional fire camp credits that will accelerate his release from custody. . . . Accordingly, this Court is without jurisdiction[.]" Id.

IV.  Legal Standards

A respondent's motion to dismiss, after the court has ordered a response, is reviewed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (citing White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989)). Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

---

[4] Petitioner also asserts, for the first time in his opposition brief, and without further argument, that he was not accorded advance notice or "all the paper work" before the subject ICC hearing. However, the procedures identified by the Supreme Court in Wolff v. McDonnell, 418 U.S. 539 (1974), that apply to disciplinary proceedings resulting in the loss of good time credits or placement in solitary confinement, do not apply to routine classification hearings. See Layton v. Wolff, 516 F. Supp. 629, 637 (D. Nev. 1981) (citing Cooper v. Riddle, 540 F.2d 731 (4th Cir. 1976).

A state prisoner may pursue habeas corpus relief under 28 U.S.C. § 2254 "only on the ground he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A writ of habeas corpus is the appropriate federal remedy when "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to an immediate or speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). However, "habeas jurisdiction is absent . . . where a successful challenge to a prison condition will not *necessarily* shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003) (emphasis added) (citing Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997)).

Recently, in Nettles, supra, 830 F.3d 922, the Ninth Circuit Court of Appeals held that "if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983[.]" Nettles, 830 F.3d at 931, 934 (citations omitted). The court found that success on the merits of petitioner Nettles' challenged disciplinary proceeding would not necessarily impact the fact or duration of his confinement, and therefore his challenge did not fall within "the core of habeas corpus," because "expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole." Nettles, 830 F.3d at 934-35.

Classification decisions generally have an even more attenuated relationship to a prisoner's release date than do disciplinary decisions. "[A] challenge to classification status lack[s] habeas jurisdiction because the prisoner 'would not be released from confinement or even be provided with a lesser term of confinement; rather, at most, he would receive a different or lower classification score.'" Davidson v. McClintock, 2014 WL 2921900, at *1, 2014 U.S. Dist. LEXIS 87864, at *4-5 (D. Ariz. 2014) (collecting cases) (quoting Franklin v. Gipson, 2013 WL 1339545, *2 (C.D. Cal. 2013)).

V. Analysis

Petitioner's claims do not fall within the "core of habeas corpus," as required to invoke this court's federal habeas jurisdiction under Nettles, because success on petitioner's claims would not necessarily lead to his immediate or earlier release from prison. Petitioner has

submitted no evidence establishing that the fact or duration of his confinement would be impacted by the removal of his "R" designation. Petitioner's argument that this designation deprives him of the opportunity to earn conduct credits at a fire camp is without merit for the reasons identified by respondent.

Nor do petitioner's challenges appear otherwise to demonstrate a violation of federal law. Petitioner challenges the sufficiency of the evidence to support the HDSP ICC 2016 decision; the ICC's reliance on petitioner's 2006 arresting charge for attempted rape rather than his conviction only for firearm possession; the District Attorney's conclusion in 2006 that there was insufficient evidence to prosecute petitioner for attempted rape; and the failure of the Avenal State Prison ICC in 2008 to affix the "R" suffix. However, for the reasons set forth in HDSP's administrative decisions and the Lassen County Superior Court order denying the state habeas petition, quoted above, the challenged ICC decision was consistent with state law. Specifically, California permits "R" suffix designation on the basis of arrest records alone, and de novo review of the matter at HDSP was permissible because Avenal State Prison did not complete its review before petitioner was released to parole. Moreover, even if there had been a violation of state law, it would not support federal habeas relief. Estelle v. McGuire, 502 U.S. 62, 67 (1991). Petitioner's challenges to the validity and application of state law do not rise to a federal claim.

"Claims which pertain to prisoner's classifications, especially individual custodial classification scores, are not cognizable in a federal habeas petition," Davidson, supra, 2014 WL 2921900, at 1, 2014 U.S. Dist. LEXIS 87864, at *4 (citations omitted), because a judgment in petitioner's favor would not "necessarily accelerate [his] release," Ramirez, 334 F.3d at 859. Moreover, as a matter of state law, the "R" suffix is intended "to ensure the safety of inmates, correctional personnel, and the general public." See Cal. Code Regs., tit. 15, § 3377.1(b). It is well established that "[p]rison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979) (citations omitted).

For these several reasons, the undersigned finds that this court is without jurisdiction to

consider petitioner's claims on federal habeas review.

The next question is whether the petition should be construed as a civil rights complaint challenging petitioner's conditions of confinement. "'If the complaint is amenable to conversion on its face, meaning it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.'" Nettles, 830 F.3d at 936 (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)).

The undersigned finds that it would be inappropriate to construe the instant petition as a civil rights complaint. The claims are presented in "habeas corpus" terminology, and do not identify a proper civil rights defendant. Moreover, it is not clear that petitioner can state a potentially cognizable federal claim even in a civil rights action. Petitioner should be accorded the opportunity to consider the potential impact of obtaining in forma pauperis status on his claims in a civil rights case, as it may impact his eligibility for in forma pauperis status in future cases. See 28 U.S.C. § 1915(g) (prohibiting in forma pauperis status to prisoners who have had three or more cases dismissed as frivolous, malicious or for failure to state a claim). Dismissal of this action without prejudice will allow petitioner, at his discretion, to decide whether to pursue his claims in a newly filed civil rights action. Therefore, the instant action should be dismissed without leave to amend.

VI.     Conclusion

For the reasons explained above, the undersigned finds that the instant petition fails to state a cognizable claim for federal habeas relief and should therefore be dismissed for lack of federal habeas jurisdiction. See Rule 4, Rules Governing Section 2254 Cases; Nettles, supra, 830 F.3d 922.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections

to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues. Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: December 12, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE